**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SHILOG, LTD., )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-06-499-KEW
 )
CARDINAL HEALTH, INC. and )
ALLEGIANCE HEALTHCARE )
CORPORATION, )
 )
 Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand filed December 14, 2006 (Docket Entry #8) to which a timely response was filed. Upon review and consideration of the briefs, this Court renders this ruling.

On October 17, 2006, Plaintiff commenced this action in the District Court in and for Pittsburg County, Oklahoma. Plaintiff alleges claims against Defendants for wrongful interference with business relations and violation of the Oklahoma Antitrust Reform Act. On each claim asserted in the Petition, Plaintiff asserts damages "in excess of $10,000.00, for actual and punitive damages." On November 17, 2006, Defendants Cardinal Health, Inc. and Cardinal Health 200, Inc.[1] removed this action to this Court. In the Notice

---

[1] Defendants identify themselves in the Notice of Removal as "Defendants Cardinal Health, Inc. and Cardinal Health 200, Inc. (formerly known as and erroneously sued as Allegiance Healthcare Corporation). . . ." While this representation may or may not be the case, the original state court Petition and subsequent filings bear a styling with the Defendants Cardinal Health, Inc. and Allegiance Healthcare Corporation. Until some effort is made by either party by formal filing to alter the

of Removal, Defendants recognize Plaintiff's demand for damages as alleged in the Petition "in excess of $10,000.00." Defendants continue further to "state that the amount in controversy exceeds $75,000.00."

On December 27, 2006, Defendants filed a Supplemental Notice of Removal. Appended to the Supplemental Notice are two affidavits. The first is signed by Jason Maxwell, "Senior Counsel for Cardinal Health 200, Inc. f/k/a Allegiance Healthcare Corporation." Mr. Maxwell attests that he reviewed the Petition (referenced as a "complaint") and based upon personal knowledge believes if the allegations are true and correct, the amount in controversy would exceed $75,000.00.

The second affidavit is signed by Robert George, "a partner in the law firm of Kutak Rock LLP and the lawyer at the firm primarily responsible for" this case. Mr. Georges states that "[o]n or about November 7, 2006, I spoke with Tim Maxcey, counsel for Plaintiff, via a telephone conference. In the course of such conversation, Mr. Maxcey stated that the damages in this case would be 'in the six figures' which I understood to mean in excess of $100,000."

Through the pending Motion, Plaintiff asserts that since Defendants have not set forth "the underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional

---

party Defendants in this case, this Court will maintain the Defendants set out in the original pleading filed in this case.

amount," Defendants' removal is defective and the case should be remanded. Defendants contend they have alleged the amount in controversy exceeds $75,000.00 in the original Notice of Removal and provided "more detailed factual allegations which support this contention" in the Supplemental Notice.

For this Court to exercise diversity jurisdiction thereby rendering the removal of this action proper, it is required that there be diversity of citizenship between the parties and that the amount in controversy exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a). The parties are not in dispute that they are diverse in their citizenship. Consequently, the question posed by the pleadings is limited to whether Defendants have demonstrated that the jurisdictional amount has been met.

Generally, the jurisdictional amount must be apparent from the initial pleadings or the Notice of Removal. The Tenth Circuit Court of Appeals has established that

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. (citations omitted). The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds $50,000." (citation omitted).[2] Moreover, there is a presumption against removal jurisdiction.

---

[2] The jurisdictional amount has now, of course, been increased to $75,000.00 since the issuance of the opinion in <u>Laughlin</u>.

> Laughlin v. K-Mart Corp., 50 F.3d 871, 873
> (10th Cir.), *cert. denied*, ____ U.S. ____, 116
> S.Ct. 174, 133 L.Ed.2d 114 (1995).

The Petition filed by Plaintiff in state court merely regurgitates the Oklahoma state law requirement that the amount in controversy exceed $10,000.00. Okla. Stat. tit. 12 § 2008(A)(2). Similarly, the Notice of Removal filed in this Court sets out the conclusory statement that the damages in this case exceed $75,000.00 and provides no "underlying facts" which would demonstrate the amount in controversy in this case exceeds the jurisdictional amount by a preponderance of the evidence. This Court does not read either § 1332(a) or Laughlin as permitting a curing of this deficiency by amendment. If the required underlying facts are not contained on the face of the Notice of Removal, the removing party has failed in his burden to establish jurisdiction. Indeed, the Tenth Circuit has recognized the inability to engage in an after-the-fact shoring up of a deficient Notice of Removal by subsequent supplemental submissions. *See*, Oklahoma Farm Bureau Mutual Ins. v. JSSJ Corp., 149 Fed. Appx. 775, 777-78 (10th Cir. 2005) *citing* Martin v. Franklin Capital Corp., 251 F.3d 1284, 1291 n.4 (10th Cir. 2001)(after-the-fact affidavit and stipulation were "inadequate to cure . . . deficiencies" in removal notice)[3]. To

---

[3] This Court is cognizant of the fact the Oklahoma Farm Bureau case is unpublished in the Federal Reporter. However, it is cited in this Order for illustrative purposes to demonstrate the propensities of the Tenth Circuit on the issue should it specifically be faced with it.

4

hold otherwise would render meaningless the plain language of 28 U.S.C. § 1447(c) and <u>Laughlin</u>. As a result, the prerequisites for this Court to exercise diversity jurisdiction has not been established by Defendants as the removing parties, thereby warranting the remand of this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand filed December 14, 2006 (Docket Entry #8) is hereby **GRANTED**. Accordingly, this case is hereby **REMANDED** to the District Court in and for Pittsburg County, Oklahoma.

IT IS SO ORDERED this 25th day of April, 2007.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE